JOSEPH D. WADE v. J. H. ECKFORD & CO.

The competency of a witness with respect to his interest in the result of the suit is not to be determined by his own opinion on the question. It depends upon the actual existence of such an interest, and that is to be determined by the court from the facts, and not by the opinion of the witness.

In a suit by a firm on an open account, the plaintiffs offered one partner of

the firm as a witness to prove their account, who stated on his *voir dire* that he was entitled to one-third of the profits of the business, but that he considered there were no profits; that he owed an account to the firm, which he would have to pay if the other assets should be insufficient to pay the firm liabilities, other than the capital invested, but that the other assets were sufficient for that purpose, and that he did not consider that he had any interest in the result of the suit: *Held*, that the objection of interest was well taken, and was erroneously overruled.

ERROR from Bexar.  The case was tried before Hon. THOMAS J. DEVINE, one of the district judges.

Suit by the defendant in error against the plaintiff in error, on an open account of $233, for goods, wares, and merchandise sold out and delivered.  The defendant plead the general denial.  On the trial, the plaintiffs introduced John Eckford, a member of their firm, as a witness to establish the account sued.  The defendant objected that the witness was a member of the plaintiffs' firm, and was interested in the result of the suit, and therefore not competent to testify.  The witness was put upon his *voir dire*, and his statements respecting his interest are fully imbodied in the opinion of the court.  The objection being overruled, the defendant excepted.  The witness proved the account sued on, and there were verdict and judgment for the plaintiffs.  Defendant moved for a new trial, assigning therein the admission of the witness, and that the verdict was contrary to law and evidence.  The motion was overruled.  Defendant prosecutes his writ of error, assigning the same error as specified in his motion for a new trial.

There is no statement of facts in the record.

No brief for the plaintiff in error.

*William B. Leigh*, for defendants in error.—I. It clearly appears that John Eckford had no interest in the firm, as it was insolvent and there were no profits.

II. There being no statement of facts, this court cannot

determine whether his testimony was material or not. The case may have been established by other and clearly competent testimony. For these reasons this court ought not to reverse the judgment, even though it may appear that the ruling of the court below is erroneous as to this witness. To do so would enable a party to have his case reversed many times, by omitting to make out a statement of facts, when he really had no cause to complain. (Blackwell v. Patton, 23 Tex., 670.)

The court must not confound the witness John Eckford with John H. Eckford, one of the plaintiffs in the case. We suggest delay and ask damages.

SMITH, J.—We are of opinion there was error in permitting John Eckford to testify as a witness in behalf of the plaintiffs below, and for which the judgment will be' reversed. He states that he was a member of the firm; that he was entitled to one-third of the profits, but that he considered there were none; that he had made an account with the firm, which he would have to pay if the other assets of the firm should be insufficient to pay the whole liabilities of the firm, except the $10,000 capital placed in the firm by John H. Eckford; that he was only liable to pay in case of a deficiency and in proportion to that deficit; that the assets of the firm were sufficient to pay the liabilities against it, except the amount placed in the firm by John H. Eckford, who would not call upon the witness for that; and the witness did not consider that he had any interest in the result of the suit.

It is not the opinion of the witness in respect to his interest in the result of the suit that determines his competency to testify as a witness in the case; it depends upon the actual existence or not of the fact of any interest in the result of the suit, to be determined by the court. (1 Greenl. on Ev., § 387.)

"The true test of the interest of a witness is, that he will

either gain or lose by the direct legal operation and effect
of the judgment, or that the record will be legal evidence
for or against him in some other action. (1 Greenl. on
Ev., § 390.) His being a partner would render him liable
personally for the debts against the firm; and it is quite
apparent that it would be to his interest to recover the
account sued for as a part of the funds or assets to be used
in payment of the liabilities, and to that extent would
diminish the proportionate part of the deficit that might
ultimately be in the assets to pay the debts against the
firm; and, if the amount of the fund recovered should be
sufficient to pay off the liabilities of the firm, less Eckford's
$10,000 capital, the witness would not be bound to pay
the account he owed the firm; at any rate, a part he would
not have to pay.

And, further, if he should not realize anything in the
shape of profits, still he was interested directly in increas-
ing the amount of the funds or assets with which to pay
the liabilities against the firm for which he, as a partner, is
liable, and thus was directly interested in the result of the
suit, and should not have been allowed to testify.

The judgment is reversed, and cause

REMANDED.